U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 AUG -4 PM 1:57

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| LOUIS RAY GILBEAU, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-632 |
| ) | |
| NICHOLAS DEML et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**(Docs. 38, 40, 43)**

Plaintiff Louis Ray Gilbeau, Jr., a prisoner proceeding pro se, sues Vermont Department of Corrections (DOC) Commissioner Nicholas Deml and 14 other DOC employees under 42 U.S.C. § 1983 alleging that Defendants failed to protect him from inmate Jacob Gagnon's false accusations of sexual harassment when they placed him in the same unit as Gagnon. He also alleges that multiple defendants failed to properly investigate Gagnon's 2021 PREA[1] complaint against him as well as another incident that led to a January 2023 Major Disciplinary Report for making a sexual proposal. Plaintiff seeks damages and declaratory and injunctive relief under § 1983 for alleged violations of his rights under the Eighth and Fourteenth Amendments. (*See* Doc. 9.)[2]

On February 18, 2025, the Magistrate Judge issued a Report and Recommendation (R&R) (Doc. 43) recommending that the court grant Defendants' Motion to Dismiss (Doc. 28)

---

[1] PREA refers to the Prison Rape Elimination Act of 2003, 34 U.S.C. § 30301 et seq.

[2] In a separate case filed the same date as this one, Plaintiff sued Commissioner Deml and two other DOC employees alleging violations of his rights under the Eighth and Fourteenth Amendments, HIPAA, and the ADA. *See* Compl., *Gilbeau v. Deml*, No. 24-cv-633 (D. Vt. Aug. 7, 2024), ECF No. 9.

and grant their request (Doc. 40) to strike Plaintiff's filing dated November 12, 2024 (Doc. 37) to the extent that it is considered a sur-reply to the Motion to Dismiss. The R&R also recommends that the court deny that filing without prejudice to the extent that it is considered a motion for summary judgment. Plaintiff has not filed an objection to the R&R, and the deadline for filing an objection has passed. After careful review of the file and the Magistrate Judge's R&R, the Report and Recommendation is AFFIRMED, APPROVED, and ADOPTED. *See* 28 U.S.C. § 636(b)(1).

## **Background**

The R&R accurately recites the relevant factual background and procedural history. (*See* Doc. 43 at 5–6.) Plaintiff alleges that in July 2021, while he was incarcerated at DOC's Southern State Correctional Facility, inmate Jacob Gagnon made a PREA complaint against Plaintiff. (Doc. 9 ¶ 19.) Plaintiff asserts that he was "cleared of any wrongdoing" related to that PREA complaint. (*Id.* ¶ 20.) In December 2022, Plaintiff was transferred to a different DOC facility and "placed in the same unit" as Gagnon. (*Id.*)

In January 2023, corrections staff put Plaintiff in segregation and started an investigation that resulted in a Major Disciplinary Report against him for "making a sexual proposal[] to another person." (*Id.* ¶¶ 21–22.) Also in January 2023, Plaintiff told a shift supervisor that Plaintiff forgave Gagnon for making a false claim against him in July 2021. (*Id.* ¶ 23.) During a meeting with a correctional services specialist, Plaintiff "raised concerns over being housed in the same unit with inmate Gagnon" because of Gagnon's July 2021 PREA complaint. (*Id.* ¶ 24.) Plaintiff expressed the same concern in an April 2024 inmate request form. (*Id.* ¶ 26.)

**Standard of Review**

Where a magistrate judge enters a recommended disposition on a dispositive motion, a district judge must determine "de novo" any part of the recommendation to which a party properly objects. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). "The court may adopt those portions of the [R&R] to which no objection is made as long as no clear error is apparent from the face of the record." *United States v. Shores*, No. 17-cr-00083, 2024 WL 489313, at *10 (D. Vt. Feb. 8, 2024) (alteration in original; quoting *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020)). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Cullen*, 194 F.3d at 405.

**Analysis**

I.  **Motion to Strike (Doc. 40)**

As noted in the R&R, Defendants have filed a motion to dismiss (Doc. 28), Plaintiff filed an opposition (Doc. 35), and Defendants filed a reply (Doc. 36). In November 2024, without requesting leave to do so, Plaintiff filed a "Response of Defendants Reply in Support of Motion to Dismiss / with Summary Judgment with Undisputed Facts." (Docs. 37, 38.) Defendants responded with an opposition to that filing insofar as it seeks summary judgment, and a motion to strike the filing insofar as it is a sur-reply. (Docs. 39, 40.)

The R&R correctly recites the relevant law and procedure regarding sur-replies. (*See* Doc. 43 at 2–3.) However, "courts are generally less rigid in applying sur-reply restrictions to *pro se* litigants." *Henderson v. Hembrook*, No. 18-CV-6091, 2023 WL 6258944, at *3 W.D.N.Y. Sept. 26, 2023); *see also Demarest v. Town of Underhill*, No. 21-cv-167, 2022 WL

3

911146, at *1 n.1 (D. Vt. Mar. 29, 2022) (considering plaintiff's unauthorized sur-reply due to in part to the plaintiff's pro se status). The court finds no clear error in the recommendation to strike the sur-reply—granting that relief is within the court's broad discretion. The court has nevertheless reviewed the sur-reply—and Plaintiff's opposition to the motion to strike (Doc. 41)—and concludes that the result is the same even if those documents are considered. *Cf. Trombetta v. Novocin*, No. 18-CV-993, 2022 WL 280986, at *1 (S.D.N.Y. Jan. 31, 2022) (denying motion to reconsider, ruling that the court properly exercised discretion to strike a sur-reply, but that the result would have been the same even if the court considered it).

**II.   Motion for Summary Judgment (Doc. 38)**

As noted above, Defendants oppose Plaintiff's November 2024 filing insofar as it is a motion for summary judgment. (*See* Doc. 39.) The R&R recommends denying the summary judgment motion without prejudice as premature. (Doc. 43 at 4.) Rule 56 does not itself limit how early a party may move for summary judgment. *See* Fed. R. Civ. P. 56(b); *see also* 11 Moore's Federal Practice – Civil § 56.60[1] (3d ed.). However, "summary judgment motions usually are not appropriate at the very outset of litigation, when the record consists only of the pleadings." 11 Moore's Federal Practice – Civil § 56.60[2][b] (3d ed.). The court finds no clear error in the R&R's recommendation to deny Plaintiff's motion without prejudice. *See id.* ("The better course for a court faced with a pre-discovery summary judgment motion will often be to deny the motion without prejudice . . . .").

**III.   Motion to Dismiss (Doc. 28)**

After reciting the applicable standards under Fed. R. Civ. P. 12(b)(1) and (b)(6), the R&R analyzes Eleventh Amendment immunity, the personal involvement requirement, and the plausibility of Plaintiff's claims of violations of his rights under the Eighth and Fourteenth

Amendments. (Doc. 43 at 7–17.) The R&R also includes a recommendation to reject Defendants' request to dismiss for failure to exhaust administrative remedies. (*Id.* at 17–22.)

The court finds no clear error in the exhaustion analysis. Although the grievance forms attached to the Complaint do not appear to be related to the allegations in the Complaint, "Plaintiff's lack of exhaustion is not evident on the face of his Complaint." (*Id.* at 20.) The court declines to dismiss the Complaint for failure to exhaust.

The court finds no clear error in the Eleventh Amendment immunity analysis. For the reasons stated in the R&R, Eleventh Amendment immunity bars recovery of money damages and issuance of retrospective declaratory relief against Defendants in their official capacities.

As noted in the R&R, a defendant's "personal involvement" in the alleged deprivations is a prerequisite to an award of damages under § 1983. The R&R observes that the Complaint's substantive allegations reference only six of the fifteen individuals named as defendants. Even as to the six individuals who are mentioned in the substantive allegations, the Complaint lacks sufficient support or explanation of how each defendant is personally involved in the alleged violations. *See Lamothe v. Brown*, No. 22-CV-161, 2023 WL 316013, at *8 (D. Vt. Jan. 19, 2023) ("The lack of factual support, context, or clear statements of the claims and explanations as to how each defendant is personally involved in the alleged violation of each area of law or right asserted renders plaintiff's complaint plainly violative of Rule 8 . . . ."), *report and recommendation adopted*, 2023 WL 3301220 (D. Vt. May 8, 2023). The court also agrees with the R&R that the Complaint does not plausibly allege personal involvement sufficient to establish supervisory liability against any defendant under the principles announced in *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020).

5

In addition to the Eleventh Amendment and personal-involvement issues, the R&R concludes that the § 1983 claims should be dismissed "because Plaintiff has not alleged cognizable constitutional violations." (Doc. 43 at 14.) The court agrees; as carefully explained in the R&R, "an inmate does not have a federal right to be free from false allegations of sexual harassment brought by another inmate" and "also does not have a general right not to be placed in the same unit with another inmate." (*Id.* at 14–15.) In addition, Plaintiff's allegations that Defendants failed to properly investigate one or both of the PREA complaints against him do not, by themselves, support a constitutional claim. *See Camacho v. DuBois*, No. 21-CV-06180, 2022 WL 17807433, at *6 (S.D.N.Y. Dec. 19, 2022) ("Plaintiff does not have a cognizable liberty interest in the handling of his grievance . . . and the fact that Plaintiff's grievance involved PREA does not change this result.")

## Conclusion

For the reasons stated above, the Report and Recommendation (Doc. 43) is AFFIRMED, APPROVED, and ADOPTED. Defendants' Motion to Strike (Doc. 40) is GRANTED, although the court notes that the result would be the same even considering the stricken materials. Defendants' Motion to Dismiss (Doc. 28) is GRANTED. Plaintiff's Motion for Summary Judgment (Doc. 38) is DENIED WITHOUT PREJUDICE.

Plaintiff is granted 30 days to file an amended complaint. If Plaintiff chooses to submit an amended complaint, it shall be titled "Amended Complaint" and shall contain all claims against all parties, as it will supersede the original Complaint in all respects.

Dated at Burlington, in the District of Vermont, this 4th day of August, 2025.

/s/ Geoffrey W. Crawford
Geoffrey W. Crawford, Judge
United States District Court