U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 OCT -1 P 3:20

CLERK
BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| LOUIS RAY GILBEAU, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:24-cv-632 |
| DENISE CALDWELL et al., | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**(Docs. 47, 49, 51)**

In his Amended Complaint brought under 42 U.S.C. § 1983, plaintiff Louis Ray Gilbeau alleges that Defendants subjected him to cruel and unusual punishment and were deliberately indifferent to unsafe housing conditions by placing him in the same housing unit as Jacob Gagnon, who had previously filed a Prison Rape Elimination Act ("PREA") complaint against Mr. Gilbeau. (*See* Doc. 46 ¶ 1.) Two motions are currently pending: Defendants' Motion to Dismiss (Doc. 47), and Mr. Gilbeau's motion regarding account balance payments (Doc. 49). The Magistrate Judge issued a Report and Recommendation ("R&R") on August 14, 2026, recommending that the Motion to Dismiss be granted and that Mr. Gilbeau's motion regarding account balance payments be denied. (Doc. 51.) Mr. Gilbeau has not filed an objection to the R&R, and the deadline for filing an objection has passed. After careful review of the file and the Magistrate Judge's R&R, the Report and Recommendation is AFFIRMED, APPROVED, and ADOPTED. *See* 28 U.S.C. § 636(b)(1).

**Background**

The R&R accurately recites the relevant factual background and procedural history. (*See* Doc. 51 at 2–4.) In brief, Mr. Gilbeau's original complaint in this case alleged that in

July 2021, while he was incarcerated at the Southern State Correctional Facility ("SSCF"), another inmate, Jacob Gagnon, filed a PREA complaint against him, accusing Mr. Gilbeau of sexually harassing Mr. Gagnon and "entering inmate Gagnon's cell with his erect penis in his hand." (Doc. 9-1 at 6, ¶ 19.) Mr. Gilbeau asserts that he was subsequently "cleared of any wrongdoing" in connection with the events of July 2021. (*Id.* at 7, ¶ 20.) In December 2022, Mr. Gilbeau was transferred to Northwest State Correctional Facility ("NWSCF"). (*Id.*) He was placed in the same NWSCF unit as Mr. Gagnon. (*Id.*) Mr. Gilbeau expressed concerns to NWSCF Correctional Services Specialist Denise Caldwell about being housed in the same unit as Mr. Gagnon because of Gagnon's prior "false claim at [SSCF]." (*Id.* ¶ 24.)

Mr. Gilbeau's Amended Complaint similarly alleges that Ms. Caldwell "ignored" his concerns about "being in the same unit and of being falsely accused again." (Doc. 46 at 2, ¶ 1.) According to the Amended Complaint, Mr. Gagnon did bring another PREA complaint against Mr. Gilbeau. (*Id.* ¶ 2.) That resulted in Mr. Gilbeau's removal from programming[1] and made him "non release eligible until max out date." (Doc. 46 ¶ 3.)

## Standard of Review

Where a magistrate judge enters a recommended disposition on a dispositive motion, a district judge must determine "de novo" any part of the recommendation to which a party properly objects. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). "The court may adopt those portions of the [R&R] to which no objection is made as long as no clear error is apparent from the face of the record." *United States v. Shores*, No. 17-cr-00083, 2024 WL 489313, at *10 (D. Vt. Feb. 8, 2024)

[1] As noted in the R&R, the Amended Complaint does not identify the program from which Mr. Gilbeau was removed. (Doc. 51 at 10 n.3.)

(alteration in original; quoting *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020)). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Cullen*, 194 F.3d at 405.

As noted above, the standard of review depends on whether there is an objection to the R&R. Here, Mr. Gilbeau has not filed an objection, but that appears to be because he did not receive the R&R or its notification of the right to object. He was incarcerated at Vermont's Northern State Correctional Facility ("NSCF") when he filed his original complaint in this case in mid-2024. (*See* Doc. 9-1.) By the time that the R&R was issued, Mr. Gilbeau had been released. *See* Offender Locator, https://www.vermont.gov/service/offender-locator (last visited Sept. 28, 2026) (follow hyperlink to omsweb.public-safety-cloud.com URL and search for permanent ID 49766) (indicating release date of June 26, 2026). Mr. Gilbeau has not supplied the court with his current contact information or mailing address. The copy of the R&R that the court mailed to him at his prior NSCF address was returned as undeliverable. (Doc. 52.)

Courts facing similar situations have reached different conclusions as to whether the "de novo" or the "clear error" standard applies. *Compare Little v. Tynon*, No. 21 Civ. 4792, 2023 WL 4298938, at *1 n.1 (S.D.N.Y. June 30, 2023) (electing to conduct a de novo review "[i]n an abundance of caution"), *with Smith v. Warden of N. Infirmary Command*, No. 18 Civ. 7018, 2019 WL 2866729, at *1 (S.D.N.Y. July 3, 2019) (reviewing report and recommendation for clear error). Because Mr. Gilbeau has failed to comply with Local Rule 11(c) requiring pro se parties to notify the court of any change of address, the court is inclined to conclude that the consequence should be forfeiture of any review more searching than "clear error." In any

case, the court concludes that it is unnecessary in this case to decide which standard applies because the court's conclusion is the same under both standards.

## Analysis

### I. Motion Regarding Account Balance Payments (Doc. 49)

As explained in the R&R (Doc. 51 at 6), the court in this case previously ordered the Department of Corrections ("DOC") to collect sums from Plaintiff's prison trust account to pay for the $350 filing fee under 28 U.S.C. § 1915(b)(2). (*See* Doc. 8.) Mr. Gilbeau asserts that money he has received as gifts to his prison trust account, totaling $106, should not be applied toward his filing fee obligation because, in his view, doing so "goes against the gifted monies rule." (Doc. 49.) He requests an order requiring DOC "to stop taking money that is gifted" and "to issue me a refund of the amount of $106.00." (*Id.*)

The R&R correctly recites the provisions of § 1915(b)(2) and correctly applies authorities holding that gifted money deposited into a prison trust account is "income" for purposes of that statute. (Doc. 51 at 7.) Whatever effect the "gifted monies rule" has on disbursements from the trust account, it does not impact disbursements that § 1915(b)(2) requires. The court will adopt the R&R's recommendation to deny Doc. 49.

### II. Motion to Dismiss (Doc. 47)

Defendants seek dismissal of the Amended Complaint, arguing that: (A) any intended official-capacity claims are not maintainable; (B) Plaintiff fails to allege sufficient personal involvement to support any individual-capacity claim against any defendant; and (C) Plaintiff does not have any liberty interest in serving his sentence in the community. (Doc. 47 at 3–6.) The R&R reviews the law of 42 U.S.C. § 1983 and comprehensively explains that sovereign immunity bars any claims for money damages that Plaintiff might be asserting against

Defendants in their official capacities. (Doc. 51 at 7–9.) The R&R further concludes that the lack of specific factual allegations as to defendants Gregory Hale, Amy Jacobs, and Dawn Miller favors dismissing the claims against them for lack of adequate allegations of their personal involvement in the alleged unconstitutional conduct. (*Id.* at 10.)

As to defendant Denise Caldwell, the R&R concludes that there are no allegations from which the court could reasonably infer that she was responsible for any violation of Mr. Gilbeau's Eighth Amendment rights. (*Id.*) The R&R states: "The Amended Complaint does not allege that Defendant Caldwell was personally involved in Gagnon's filing of the false PREA complaint, the placement of Plaintiff in the same unit as Gagnon, or the decision to remove Plaintiff from programming." (*Id.*) The Amended Complaint does allege that Mr. Gilbeau made Ms. Caldwell aware of the prior false PREA accusation and Mr. Gilbeau's concern that Mr. Gagnon might file another such accusation. (Doc. 46 at 2, ¶ 1.) That is not sufficient to infer personal involvement in, or liability for, the alleged constitutional violations.

Mr. Gilbeau's claim has some parallels to Eighth Amendment failure-to-protect claims. Indeed, the Amended Complaint asserts "deliberate indifference" to "unsafe conditions." (Doc. 46 at 3, ¶ 8.) As the Second Circuit has explained, a plaintiff seeking to proceed on such a claim "must plead both (a) conditions of confinement that objectively pose an unreasonable risk of serious harm to their current or future health, and (b) that the defendant acted with 'deliberate indifference.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618–19 (2d Cir. 2020) (quoting *Vega v. Semple*, 963 F.3d 259, 273 (2d Cir. 2020)). This type of claim can be established when the plaintiff shows that "prison employees knew that either (a) a prior altercation between the plaintiff and her assailant had occurred, or (b) threats had been made against the plaintiff by the

assailant." *Cameron v. Menard*, No. 18-cv-204, 2024 WL 5290934, at *8 (D. Vt. July 1, 2024) (citing cases), *report and recommendation adopted* 2024 WL 5165447 (D. Vt. Dec. 19, 2024).

Such claims, however, apply to conduct constituting physical assault. *See id.* (discussing failure-to-protect claims "based on *an assault* by another inmate" (emphasis added)). Mr. Gilbeau has not cited, and the court has not found, any authority extending this law to alleged failures to protect from claims or accusations such as PREA complaints. Indeed, while such claims might have consequences, harm to "current or future health" is not typically one of them. *Tangreti*, 983 F.3d at 619. The court agrees with and adopts the R&R's conclusion on this point: "A false allegation alone does not pose an excessive risk of serious harm." (Doc. 51 at 13.)

Following the issue of personal involvement, the R&R further explains that the Amended Complaint lacks any plausible claim based on a theory of supervisory liability. (*Id.* at 11.) The court agrees with and adopts that analysis. The court also adopts that R&R's conclusion that—even apart from the insufficient allegations regarding personal involvement—the Amended Complaint does not allege a cognizable Eighth Amendment violation. (*Id.* at 12.) Even if Defendants knew or should have known that Mr. Gagnon would file another PREA complaint, the allegations are insufficient to establish the objective prong of a failure-to-protect claim because the consequences of such a complaint "do not involve any risk of serious harm to Plaintiff's future health or safety." (*Id.* at 13.)

Because the Amended Complaint fails to plausibly allege an Eighth Amendment violation, the court agrees with and adopts the R&R's recommendation to grant Defendants' Motion to Dismiss. The court further adopts the R&R's recommendation to deny further leave to amend. (*Id.* at 14.) Mr. Gilbeau has already received one opportunity to amend his complaint, and his Amended Complaint does not cure the deficiencies identified in the original pleading.

## Conclusion

For the reasons stated above, the Report and Recommendation (Doc. 51) is AFFIRMED, APPROVED, and ADOPTED. Plaintiff's Motion regarding account balance payments (Doc. 49) is DENIED. Defendants' Motion to Dismiss (Doc. 47) is GRANTED. The court denies further leave to amend the complaint.

The court hereby certifies that under 28 U.S.C. § 1915(a)(3), any appeal would not be taken in good faith.

Dated at Burlington, in the District of Vermont, this 1st day of October, 2026.

Geoffrey W. Crawford, Judge
United States District Court